Janet M. Herold
Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor
**Boris Orlov, Attorney** (CSBN #223532)
Office of the Solicitor
United States Department of Labor
350 So. Figueroa St., Suite 370
Los Angeles, California 90071-1202
    Telephone: (213) 894-5410
    Facsimile:  (213) 894-2064
orlov.boris@dol.gov

Attorneys for the Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THOMAS E. PEREZ**,<br>  Secretary of Labor,<br>  United States Department of Labor,<br><br>        Plaintiff,<br><br>      v.<br><br>**WELL AND FIT ADULT DAY HEALTH CARE, INC.,**<br>  a California Corporation,<br><br>        Defendant. | Case No.<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND TO RECOVER AMOUNTS DUE UNDER THE FAIR LABOR STANDARDS ACT**<br>(29 U.S.C. § 201 *et seq.*) |

1. The Plaintiff, Thomas E. Perez, Secretary of Labor, brings this action to enjoin Defendant, Well and Fit Adult Day Health Care, Inc., a California Corporation ("Defendant"), from violating provisions of Sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 215(a)(2) and 215(a)(5), and to recover amounts owed under the FLSA to employees of Defendant, as

listed by name in the attached Exhibit A to this complaint, for the period from December 3, 2010 through December 1, 2013.

2. This Court has subject matter jurisdiction of this action under Section 17 of the FLSA, 29 U.S.C. §217; this Court also has subject matter jurisdiction of this action under 28 U.S.C. §1331 (federal question) and §1345 (United States as Plaintiff).

3. (a) Defendant Well and Fit Adult Day Health Care, Inc., at all relevant times has been a California Corporation, and has an office and place of business at 820 N. Diamond Bar Blvd., Diamond Bar, CA 91765, within the jurisdiction of this Court, and has been engaged in the business of an adult care center.

4. The activities of Defendant constitute, and at all times material hereto have constituted, related activities performed through unified operation or common control for a common business purpose; and are, and at all times material hereto have been, an "enterprise" as defined in FLSA § 3(r), 29 U.S.C. § 203(r).

5. The aforesaid enterprise has, and at all times material hereto has had, employees engaged in commerce or in the production of goods for commerce, or in handling, selling or otherwise working on goods or materials which have been moved in or produced for commerce. Said enterprise has, and at all times material hereto has had, an annual gross volume of sales made or business done (exclusive of any excise taxes at the retail level, if any, that were separately stated) of no less than $500,000.00; and said enterprise constitutes, and at all times material hereto has constituted, an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s), 29 U.S.C. § 203(s).

6. The Defendant has violated the provisions of FLSA §§ 6 and 15(a)(2), 29 U.S.C. §§ 206 and 215(a)(2), by employing employees engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, at wage rates less than the applicable federal minimum wage of $7.25 an hour after July 24, 2009.

7. Defendant has violated the provisions of Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §207 and §215(a)(2), by employing employees engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), 29 U.S.C. § 203(s), for workweeks longer than 40 hours without compensating said employees for their employment in excess of 40 hours in such workweeks at rates not less than one and one-half times the regular rates at which they were employed.

8. Defendant has violated the provisions of Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §211(c) and §215(a)(5), by failing to maintain, keep, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by the regulations promulgated by the Plaintiff-Secretary pursuant to the authority granted in the FLSA and published in the Federal Register and known as Title 29, Code of Federal Regulations, Part 516.

9. (a) During the period from December 3, 2010 through December 1, 2013 Defendant has violated the above-described provisions of the FLSA.

(b) As a result of the violations of the monetary provisions of the FLSA, there is unpaid minimum wage and overtime compensation due under the FLSA that are being withheld by the Defendant.

(c) A judgment permanently enjoining and restraining such violations of the FLSA is specifically authorized by Section 17 of FLSA, 29 U.S.C. §217.

(d) A judgment enjoining and restraining the continued withholding of unpaid minimum wage and overtime compensation due under the FLSA is specifically authorized by Section 17 of the FLSA, 29 U.S.C. §217.

WHEREFORE, cause having been shown, the Secretary prays for a judgment against Defendant as follows:

A. (i) For an order pursuant to Section 17 of the FLSA, 29 U.S.C. §217, permanently enjoining and restraining Defendant, its officers, agents, servants,

and employees, and those persons in active concert or participation with them, from prospectively violating the provisions of Sections 15(a)(2) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 215(a)(2) and 215(a)(5); and

    B.    (i) For an order pursuant to FLSA § 17, 29 U.S.C. § 217, restraining the Defendant, their officers, agents, servants and employees and all persons in active concert or participation with them, from continuing to withhold the payment of any unpaid minimum wage and overtime compensation that may be found by this Court to have accrued under the FLSA to present and former employees of Defendant including the persons listed by name on the attached Exhibit A, plus pre-judgment interest thereon; and,

    C. Awarding the Secretary the costs of this action and providing such further legal and equitable relief as may be deemed appropriate.

Dated: August 22, 2014

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

DANIEL J. CHASEK
Associate Regional Solicitor

*/s/ Boris Orlov*
BORIS ORLOV, Attorney
Attorneys for the Plaintiff
U.S. Department of Labor

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## Exhibit - A

| First Name | MI | Last Name |
|---|---|---|
| OLGA | | BANDA |
| MING-KUEI | | CHAN |
| CAROL | | CHEUK |
| HELEN | | CHI |
| JASMINE | | CHU |
| JOSEPHINE | | CHU |
| KAREN | | DIAZ |
| JENNY | | DING |
| MICHAEL | A | FONG |
| TINA | C | HE |
| TINA | T | HOU |
| MABLE | C | KO |
| ESTHER | | KUO |
| LI | | LI |
| VIVIAN | | LI |
| JOSELYNN | | LIN |
| MICHAEL | | LIU |
| JACK | J | MAO |
| LOUISE | Y | SHI |
| JING | | SHIAO |
| CHARLIE | L | SU |
| DAVID | | SU |
| SHIU-LEE | | SUN |
| RONG | | TANG |
| ROBERT | | TSAI |
| AMY | Y | WO |
| CYRUS | | WONG |
| SUSAN | Y | WU |
| PEARL | | YUEN |
| EVEN | Y | ZHANG |
| JING | | ZHANG |