Janet M. Herold
Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor
**Boris Orlov, Attorney** (CSBN #223532)
Office of the Solicitor (Sol#1119411)
United States Department of Labor
350 So. Figueroa St., Suite 370
Los Angeles, California 90071-1202
     Telephone: (213) 894-5410
     Facsimile:  (213) 894-2064
orlov.boris@dol.gov

Attorneys for the Plaintiff

FILED
CLERK, U.S. DISTRICT COURT

SEP 17, 2014

CENTRAL DISTRICT OF CALIFORNIA
BY:  ___PMC___  DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THOMAS E. PEREZ,**<br>  Secretary of Labor,<br>  United States Department of Labor,<br><br>          Plaintiff,<br><br>        v.<br><br>**WELL AND FIT ADULT DAY HEALTH CARE,  INC.,**<br> a California Corporation,<br><br>         Defendants. | Case No. 2:14-CV-06792-SVW-CW<br><br><br><br><br>**CONSENT JUDGMENT** |

Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor ("Secretary") and Defendant Well and Fit Adult Day Health Care., Inc., ("Well and Fit") a California Corporation have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

    A.    The Secretary has filed a Complaint alleging that Defendant violated provi-

sions of Sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 215(a)(2) and 215(a)(5).

B.     Defendant has appeared and having retained defense counsel acknowledges receipt of a copy of the Secretary's Complaint.

C.     Defendant waives issuance and service of process and waives answer and any defenses to the Secretary's Complaint.

D.     The Secretary and Defendant waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

E.     Defendant admits that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

F.     Defendant neither admits nor denies the allegations in the Secretary's Complaint.

G.     Defendant understands and agrees that demanding or accepting any of the funds due employees under this Judgment or threatening any employee for accepting money due under this Judgment or for exercising any of their rights under the FLSA is specifically prohibited by this Judgment and may subject the Defendant to equitable and legal damages, including punitive damages and civil contempt.

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

ORDERED, ADJUDGED, AND DECREED that the Defendant, its officers, agents, servants, and employees and those persons in active concert or participation with them who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 15(a)(2) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 215(a)(2) and 215(a)(5), in any of the following manners:

1. Defendant shall not, contrary to FLSA § 6, 29 U.S.C. § 206, pay any employee who in any workweek is engaged in commerce, within the meaning of the FLSA, or is

employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), wages at a rate less than $7.25 an hour (or less than the applicable minimum rate as may hereafter be established by amendment to the FLSA).

2.   Defendant shall not, contrary to FLSA § 7, 29 U.S.C. § 207, employ any employee who in any workweek is engaged in commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), for any workweek longer than 40 hours unless such employee receives compensation for his or her employment in excess of 40 hours in such workweek at a rate not less than one and one-half times the regular rate at which he or she is employed.

3.   Defendant shall not fail to make, keep, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

4.   Defendant shall not continue to withhold the payment of $37,936.53 in minimum wage and overtime pay hereby found to be due under the FLSA to 31 employees, as a result of their employment by Defendant during the period of December 3, 2010 through December 1, 2013  ("back wage accrual period") as set forth in the attached Exhibit 1, showing the name of each employee and listing on the same line the gross back-wage amount due the employee and the period covered by the Consent Judgment.

5.   To accomplish the requirements of Paragraph 4, Defendant shall deliver to the Wage and Hour Division, United States Department of Labor, 100 North Barranca Street, Suite 850, West Covina, CA 91791, the following:

a. On or before September 10, 2014,  a schedule in duplicate bearing the

**Consent Judgment**                                                                 Page 3 of 13

name of the corporate Defendant, employer identification number, address, and phone number of the corporate Defendant and showing the name, last known (home) address, social security number, gross backwage amount for each person listed in the attached Exhibit 1.

b. On or before September 10, 2014 a cashiers' check or money order in the amount of $37,936.53, which shall have the Firm name and "BWs." written on it, payable to the order of the "Wage and Hour Div., Labor."

c. In the event of any default in the timely making of any payment due hereunder, the full amount due under the backwage provisions of this Judgment which then remains unpaid, plus post-judgment interest at the rate of 10% per year, from the date of this Judgment until paid in full, shall become due and payable upon the Secretary's sending by ordinary mail a written demand to the last business address of the Defendants then known to the Secretary.

d. The Secretary shall allocate and distribute the funds described in paragraph 3 less deductions for employees' share of social security and withholding taxes on the backwage amounts to the persons named in the attached Exhibit 1, or to their estates if that be necessary, in his sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

6. Defendant shall amend and maintain their payroll practices to comply with the FLSA. To accomplish the provisions of this paragraph:

a. Defendant shall record all hours worked by employees in the payroll records.

b. Defendant shall maintain all timecards and payroll records for a period of not less than three years.

c. Defendant shall reflect all the amounts paid to employees, regardless of the manner of payment, on the payroll records.

d. Defendant shall pay employees for all compensable waiting time.

e. Defendant shall not direct supervisors or payroll preparers to falsify timecards in any manner including reducing the number of hours worked by employees.

f. Defendant shall not request, require or otherwise cause employees to sign inaccurate timecards.

g. Defendant shall not require employees to work "off the clock" either before or after their shift.

h. Defendant shall not allow any volunteers to perform services at the employer's location that benefit the employer's business, all persons performing such services shall be compensated for their time as provided in the FLSA.

i. Defendant shall record all work performed by a single employee during a pay period on one time card and not split up the hours worked on multiple time cards regardless of the number of duties or tasks performed by that employee;

7.  Defendant, its officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way directly or indirectly, demand, require or accept any of the backwages from any of the employees listed on the attached Exhibit 1.  Defendant shall not threaten or imply that adverse action will be taken against any employee because of their receipt of funds due under this Judgment.  Violation of this paragraph may subject the Defendant to equitable and legal damages, including punitive damages and civil contempt.

8.  Defendant, its officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way retaliate or take any adverse employment action, or threaten or imply that adverse action will be taken against

any employee who exercises or asserts his or her rights under the FLSA or provides information to any public agency investigating compliance with the FLSA. Violation of this paragraph may subject the Defendants to equitable and legal damages, including punitive damages and civil contempt.

9.      On at least an annual basis, in 2014, 2015 and 2016, Defendant shall hire an independent third party to conduct training as to the requirements of the FLSA. The training shall address the FLSA's minimum wage, overtime, record keeping, and anti-retaliation requirements.   All supervisors as well as the individuals who determine the employees pay or schedules or who prepare payroll shall attend this training.  Defendant shall maintain documentation of these trainings for a period of four years and provide it to representatives of the Secretary of Labor upon their request.

10.     Within the first six months of the execution of this Judgment, Defendant shall allow representatives of the Wage and Hour Division of the U.S. Department of Labor to conduct a presentation at each business location as to the requirements of the FLSA and this Judgment. Defendants shall require all employees to attend this presentation during regular work hours.

11.     Within 30 days of the entry of this Judgment, Defendant shall supply all of their employees with copies of the attached Exhibit 2, which summarizes terms of this Judgment and the employees' rights under the FLSA.  The English and Spanish versions are attached.  In addition, Defendant shall provide copies of Exhibit 2 to all new hires, and post a copy at each business establishment in an area that is frequented by employees and where it is highly visible. This provision shall be in effect for a period of three years from the date this Judgment is executed by all parties.

ORDERED that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit 1 nor as to any employee named on the attached Exhibit 1 for any period not specified therein; and, it is further

ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and, it is further

ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated: September 11 , 2014.

_____
Stephen V. Wilson,
U.S. District Court Judge

For the Defendant:
The Defendant hereby appear, waive any
defense herein, consent to the entry of
this Judgment, and waive notice by the
Clerk of Court:

For:  Well and Fit Adult Day Health Care, Inc.,

By: _____      _____8. 20. 14_____
        Walter Pao                                    Date

Its:   President_____

1
2
3   Attorneys for the Defendants
4   LT Pacific Law Group, LLP
5
6                  CSBN # 204328
7
8   Jen-Feng Lee, Attorney at Law          Aug. 22, 2014
                                                  Date
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Consent Judgment**                         Page 9 of 13

For the Plaintiff:

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

DANIEL J. CHASEK
Associate Regional Solicitor

_____        8 - 22 -14
BORIS ORLOV, Attorney          _____
Attorneys for the Plaintiff    Date
U.S. Department of Labor

**Consent Judgment**                    Page 10 of 13

# EXHIBIT 1

| First Name | MI | Last Name | Back Wages | Period Covered | |
|---|---|---|---|---|---|
| OLGA | | BANDA | $54.00 | 11/17/2012 | 10/19/2013 |
| MING-KUEI | | CHAN | $689.64 | 12/18/2010 | 11/30/2013 |
| CAROL | | CHEUK | $284.55 | 06/16/2012 | 11/30/2013 |
| HELEN | | CHI | $669.35 | 12/18/2010 | 06/16/2012 |
| JASMINE | | CHU | $1,623.91 | 12/18/2010 | 05/26/2012 |
| JOSEPHINE | | CHU | $127.38 | 01/07/2012 | 09/22/2012 |
| KAREN | | DIAZ | $1,433.75 | 05/28/2011 | 11/30/2013 |
| JENNY | | DING | $216.00 | 01/14/2012 | 04/21/2012 |
| MICHAEL | A | FONG | $538.02 | 03/23/2013 | 11/16/2013 |
| TINA | C | HE | $300.00 | 04/28/2012 | 09/29/2012 |
| TINA | T | HOU | $205.93 | 05/26/2012 | 02/02/2013 |
| MABLE | C | KO | $320.63 | 12/18/2010 | 10/01/2011 |
| ESTHER | | KUO | $1,946.13 | 08/10/2013 | 09/21/2013 |
| LI | | LI | $2,229.00 | 12/18/2010 | 11/30/2013 |
| VIVIAN | | LI | $33.48 | 10/26/2013 | 11/30/2013 |
| JOSELYNN | | LIN | $6,535.38 | 12/31/2011 | 05/26/2012 |
| MICHAEL | | LIU | $105.35 | 02/02/2013 | 08/10/2013 |
| JACK | J | MAO | $138.86 | 06/30/2012 | 08/11/2012 |
| LOUISE | Y | SHI | $2,088.75 | 12/18/2010 | 11/30/2013 |
| JING | | SHIAO | $163.48 | 12/18/2010 | 11/09/2013 |
| CHARLIE | L | SU | $53.77 | 03/02/2013 | 03/16/2013 |
| DAVID | | SU | $654.42 | 01/21/2012 | 05/26/2012 |
| SHIU-LEE | | SUN | $199.62 | 12/25/2010 | 11/26/2011 |
| RONG | | TANG | $357.71 | 01/28/2012 | 10/20/2012 |
| ROBERT | | TSAI | $834.88 | 05/14/2011 | 09/29/2012 |
| AMY | Y | WO | $195.00 | 12/18/2010 | 10/22/2011 |
| CYRUS | | WONG | $91.35 | 10/13/2012 | 06/01/2013 |
| SUSAN | Y | WU | $30.00 | 08/31/2013 | 09/28/2013 |
| PEARL | | YUEN | $14,655.56 | 08/13/2011 | 07/07/2012 |
| EVEN | Y | ZHANG | $1,034.63 | 07/27/2013 | 08/17/2013 |
| JING | | ZHANG | $126.00 | 09/28/2013 | 11/30/2013 |
| | | | **$37,936.53** | | |

**EXHIBIT 2**

## LEGAL NOTICE TO ALL EMPLOYEES

The **Fair Labor Standards Act** provides that all employees must be paid **minimum wage** for all hours worked.  In addition, employees must be paid **overtime**, at a rate of time and one half their regular rate, for the hours they work over 40 in a workweek.  All employees, whether they are paid **hourly** or on a **piece or flat rate** basis are entitled to overtime when they work over 40 hours.

To resolve a lawsuit brought by the **Department of Labor**, the **United States District Court** entered an Order forbidding **WELL AND FIT ADULT DAY HEALTH CARE, INC.,** from violating the minimum wage and overtime requirements of the **Fair Labor Standards Act**.  All employees who work in this establishment can help the employer not to violate the Court's Order.   **If you think you are not being paid in accordance with the law, call the U.S. Department of Labor, Wage and Hour Division, at (626) 966-0478 and your name will be kept confidential.**

Consent Judgment

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICIA LEGAL A TODOS LOS EMPLEADOS

La ley de el **Fair Labor Standards Act** determina que se les debe de pagar a todos los empleados el **sueldo mínimo** por todas las horas que ellos trabajen.  A su vez, también estipula que todo empleado que trabaje extra, más de 40 horas en una semana laboral, se les deberá pagar **a tiempo y medio** de lo que ganen por cada hora extra trabajada.  Todos los empleados, independientemente de que se les pague por **hora** o por **pieza**, tienen derecho a que se les pague el tiempo extra cuando trabajan más de 40 horas en una semana laboral.

Para resolver una demanda laboral iniciada por el **Departamento Del Trabajo**, la **Corte de Distrito de los Estados Unidos** expidió una  orden que prohíbe a **WELL AND FIT ADULT DAY HEALTH CARE, INC.,** de violar los requisitos de pago de el sueldo minimo y de el pago de sobretiempo que estipula la ley de el **Fair Labor Standards Act**.

Todos los empleados que trabajan en éste establecimiento pueden ayudar a que este empleador no viole la orden de la Corte.  **Si usted piensa que no le están pagando de acuerdo a la ley, por favor llame al Departamento del Trabajo de los Estados Unidos, Division de Horas y Salarios, al (626) 966-0478.  Su llamada será confidencial.**